# COURT OF APPEALS
## DECISION
## DATED AND FILED

## October 29, 2019

Sheila T. Reiff
Clerk of Court of Appeals

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP805**

Cir. Ct. No. 2017TP48

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT IV**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO V. R. J., A PERSON UNDER THE AGE OF 18:

WAUPACA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,

    PETITIONER-RESPONDENT,

  V.

J. J.,

    RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Waupaca County: RAYMOND S. HUBER, Judge. *Affirmed*.

¶1 FITZPATRICK, J.[1] J.J. appeals an order of the circuit court terminating his parental rights to his child, V.J. J.J. pleaded no contest to the allegation that he failed to assume parental responsibility for V.J. J.J. contends that he is entitled to withdraw that plea because he received ineffective assistance of counsel at the grounds phase of the termination of parental rights (TPR) proceeding and because his no contest plea was not supported by a factual basis. I reject J.J.'s arguments and affirm the circuit court's order.

## BACKGROUND

¶2 There is no dispute concerning the following facts.

¶3 J.J. is the biological father of V.J., who was born in May 2014. Shortly after V.J. was born, V.J.'s three-year-old half-sibling, P.S., died. When V.J. was five months old, J.J. was arrested in connection with P.S.'s death. J.J. was later found guilty of child neglect resulting in the death of P.S., and was sentenced to thirteen years imprisonment and ten years extended supervision.

¶4 V.J. was removed from her biological mother's home shortly after J.J.'s arrest. In February 2015, V.J. was found by the circuit court to be a child in need of protection and services, and the court entered a CHIPS case order placing V.J. outside the home. V.J. has been placed outside the home since the February 2015 order.

¶5 In 2017, the Waupaca County Department of Health Services (the County) filed a petition to involuntarily terminate J.J.'s parental rights to V.J. *See*

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

WIS. STAT. ch. 48. The TPR petition alleged failure to assume parental responsibility as the sole statutory ground for terminating J.J.'s parental rights. *See* § 48.415(6).[2]

¶6 J.J. pleaded no contest to the allegation that he failed to assume parental responsibility, and the court accepted J.J.'s plea. Before that, the circuit court conducted a colloquy with J.J. to ascertain that his plea was knowing, voluntary, and intelligent, and determined that it was. The court also found that the allegations contained in the TPR petition provided a factual basis for J.J.'s plea.

¶7 Following J.J.'s plea to the TPR ground, the case proceeded to the disposition stage of the TPR proceeding to determine whether terminating J.J.'s parental rights was in V.J.'s best interest. Following a contested hearing, the circuit court found that terminating J.J.'s parental rights was in V.J.'s best interest.

¶8 J.J. filed a postdisposition motion seeking to withdraw his plea. J.J. alleged that he received ineffective assistance of counsel at the grounds phase of the TPR proceeding, and that his plea was not supported by a factual basis. The circuit court denied J.J.'s motion following an evidentiary hearing. J.J. appeals.

¶9 Other facts will be mentioned in the following discussion.

---

[2] Involuntary TPR proceedings employ two parts. In the first phase, known as the grounds phase, the circuit court must determine whether one or more of the statutorily enumerated grounds for terminating parental rights exists. *See* WIS. STAT. § 48.424(1)(a). If grounds are shown, the court must find the parent unfit. *See* § 48.424(4); *Tammy W-G. v. Jacob T.*, 2011 WI 30, ¶18, 333 Wis. 2d 273, 797 N.W.2d 854. If a parent is found to be unfit, the TPR moves to the second phase, where the court must determine whether termination of the parent's parental rights is in the child's best interest. *Steven V. v. Kelley H.*, 2004 WI 47, ¶27, 271 Wis. 2d 1, 678 N.W.2d 856.

**DISCUSSION**

¶10     J.J. contends that the order terminating his parental rights to V.J. should be vacated and that he is entitled to withdraw his no contest plea because: (1) he received ineffective assistance of counsel; and (2) his plea was not supported by a factual basis.

## I.  Ineffective Assistance of Counsel.

¶11     Below, I review the applicable law and then address the details of J.J.'s ineffective assistance of counsel contention.

### A.  Applicable Law as to Ineffectiveness of Counsel.

¶12     A parent who is a party to a TPR proceeding has a statutory right to be represented by effective counsel.  WIS. STAT. § 48.23(2); *Oneida Cty. DSS v. Nicole W.*, 2007 WI 30, ¶33, 299 Wis. 2d 637, 728 N.W.2d 652.  This court reviews a claim that a parent received ineffective assistance of counsel during a TPR proceeding under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under the *Strickland* test, the party asserting an ineffective assistance of counsel claim must prove both that counsel's performance was deficient and that he or she was prejudiced by the deficient performance.  *Id.* at 687.  This court need not address both aspects of the *Strickland* test if the party does not make a sufficient showing on one.  *Id.* at 697.

¶13     To establish deficient performance, the party must show that counsel's representation was "outside the wide range of professionally competent assistance."  *Id.* at 690.  Appellate courts reviewing counsel's assistance are highly deferential to strategic decisions made by counsel and "evaluate the conduct from counsel's perspective at the time."  *Id.* at 689.  To establish prejudice, the party

must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

¶14 Whether counsel was ineffective presents a mixed question of fact and law. *State v. Pitsch*, 124 Wis. 2d 628, 633-34, 369 N.W.2d 711 (1985). This court will not reverse the circuit court's factual findings unless those findings are clearly erroneous. *Id.* at 634. However, whether counsel's performance was deficient and prejudicial to the party are questions of law that this court reviews de novo. *Id.*

**B. J.J.'s Ineffectiveness of Counsel Arguments.**

¶15 J.J. contends that his trial counsel was ineffective for failing to challenge the sufficiency of the County's petition to terminate his parental rights by a motion to dismiss. J.J. also contends that his trial counsel was ineffective for failing to challenge the petition in a fact-finding hearing and for failing to sufficiently explain J.J.'s rights at the grounds phase of the TPR proceeding.

*1. Trial Counsel Was Not Ineffective for Not Challenging the*
*TPR Petition in a Motion to Dismiss.*

¶16 J.J. contends that his trial counsel performed deficiently by failing to request that the circuit court dismiss the TPR petition on the ground that the allegations in the petition did not establish that J.J. failed to assume parental responsibility. *See* WIS. STAT. § 48.415(6).

¶17 The sufficiency of a pleading presents a question of law. *Sheboygan Cty. v. D.T.*, 167 Wis. 2d 276, 282, 481 N.W.2d 493 (Ct. App. 1992). When

5

reviewing the sufficiency of a TPR petition, this court may draw reasonable inferences from the allegations in the petition. *Monroe Cty. v. Jennifer V.*, 200 Wis. 2d 678, 684-85, 548 N.W.2d 837 (Ct. App. 1996).

¶18    In a TPR proceeding, the sufficiency of the petition is controlled by WIS. STAT. § 48.42 which provides in relevant part:

> (1) PETITION. A proceeding for the termination of parental rights shall be initiated by petition ....  The petition shall … set forth with specificity:
>
> ….
>
> 2. A statement of the grounds for involuntary termination of parental rights under [WIS. STAT. §] 48.415 and a statement of the facts and circumstances which the petitioner alleges establish these grounds.

¶19    To establish that a parent has failed to assume parental responsibility, the petitioner must prove that "the parent … ha[s] not had a substantial parental relationship with the child."  WIS. STAT. § 48.415(6)(a).  A "'substantial parental relationship' means the acceptance and exercise of significant responsibility for the daily supervision, education, protection and care of the child."  Sec. 48.415(6)(b).  Whether a parent has a substantial relationship with the child is determined by consideration of the totality of the circumstances. *See Tammy W-G. v. Jacob T.*, 2011 WI 30, ¶3, 27-35, 333 Wis. 2d 273, 797 N.W.2d 854.  The fact-finder may consider various factors including, but not limited to, whether the parent has:  expressed concern for or interest in the support, care, or well-being of the child; neglected or refused to provide care or support for the child; exposed the child to a hazardous living environment; in the case of the father, expressed concern for or interest in the support, care, or well-being of the mother during her pregnancy. *See* § 48.415(6)(b); WIS JI—CHILDREN 346B.

¶20    J.J. argues that the facts alleged in the TPR petition do not establish that he failed to assume parental responsibility because the alleged facts "are either irrelevant to the [C]ounty's failure-to-assume allegation or, confusingly, suggest [J.J.] did assume parental responsibility."  (Emphasis omitted.)  I reject J.J.'s argument.

¶21    The TPR petition alleged the following pertinent facts:

- A parent aide who worked with V.J.'s mother and J.J. following V.J.'s birth reported that, following V.J.'s birth, V.J.'s mother was the primary caregiver to V.J. and that J.J. assisted with the care of V.J. only rarely and only when V.J.'s mother was tired.

- When V.J. was approximately five months old, J.J. was arrested and charged with criminal neglect of a child resulting in death.  The victim was V.J.'s half-sibling, P.S., who was approximately three years old at the time of his death.

- In May 2016, J.J. was convicted of criminal neglect resulting in death and was sentenced to thirteen years imprisonment and ten years extended supervision.

- Following P.S.'s death, a safety plan was implemented ordering J.J. to have no unsupervised contact with V.J.

- J.J. has not had any face-to-face contact with V.J. since J.J.'s arrest.

I conclude that a fact-finder could reasonably infer from these facts that J.J. had not exercised significant responsibility for the daily supervision, education, protection and care of V.J., and had thus failed to assume parental responsibility

7

for V.J. So, a motion to dismiss would have failed and, as a result, it was not deficient performance for J.J.'s attorney to not file a motion that would have been denied. *See* **State v. Toliver**, 187 Wis. 2d 346, 360, 523 N.W.2d 113 (Ct. App. 1994) (counsel is not ineffective for failure to make meritless arguments).

¶22     J.J. also argues that the facts alleged in the TPR petition "are present whenever [a parent is] incarcerat[ed]." J.J. argues that because incarceration cannot, on its own, prove that a parent is unfit, facts that "necessarily accompany incarceration" cannot prove that a parent is unfit, and thus, the allegation in the County's TPR petition cannot prove that he was unfit. J.J. argues, in effect, that any facts which flow from his incarceration are out of bounds in a TPR, and I reject his contention.

¶23     J.J. is correct that a parent's incarceration *in itself* does not demonstrate that the parent is unfit. **Kenosha Cty. D.H.S. v. Jodie W.**, 2006 WI 93, ¶49, 293 Wis. 2d 530, 716 N.W.2d 845. However, J.J. does not cite to any legal authority supporting his assertion that causes and effects of incarceration cannot prove that a parent is unfit. J.J. asserts that allowing causes and effects of a parent's incarceration to prove that a parent is unfit "circumvent[s]" the reasoning underlying the *Jodie W.* ruling that incarceration, alone, is not evidence that a parent is unfit. However, he fails to explain why this is so and fails to explain why looking to causes and effects of a parent's incarceration is not permissible under *Jodie W.* or any other legal authority, and I can discern no such reason.

¶24     Moreover, as pointed out by the County, in determining whether an incarcerated parent has a substantial relationship with his or her child, additional factors can be considered, including:  the reasons for the parent's incarceration; the nature of the underlying criminal behavior; and whether the parent engaged in

that behavior knowing that the potential or resultant incarceration would prevent or hinder the parent from assuming his or her parental responsibilities. *See* WIS JI—CHILDREN 346B. A fact-finder could reasonably infer from the facts set forth above in ¶21 that J.J.'s inability to assume parental responsibility for V.J. is due to J.J.'s criminal conduct that resulted in the death of another child in J.J.'s care. These are valid considerations under Wisconsin law in determining whether a parent has failed to assume parental responsibility. *See id.*

¶25    In sum, the TPR petition alleged sufficient facts to survive a motion to dismiss. Accordingly, it was not deficient performance by J.J.'s trial counsel not to challenge the sufficiency of the TPR petition by a motion to dismiss.

## 2. *Counsel Was Not Deficient for Not Challenging the TPR Petition at a Fact-Finding Hearing.*

¶26    Next, J.J. contends that his trial counsel was ineffective for not contesting the TPR petition at a fact-finding hearing. More specifically, J.J. asserts that the allegations in the TPR petition to terminate his parental rights could not establish that he failed to assume his parental rights, and that purported weakness was reason enough to contest those facts at an evidentiary hearing.

¶27    As explained above, the petition was not insufficient. Thus, it was not deficient for J.J.'s trial counsel not to challenge the petition at a fact-finding hearing, just as it was not deficient for counsel not to move to dismiss the petition. Furthermore, even if I assume for the moment that trial counsel's performance was deficient, J.J. does not make a sufficient showing of prejudice. In other words, and with the conclusion in mind that the allegations in the petition were a sufficient basis to terminate his parental rights, J.J. does not explain to this court

what any witness might have testified to at a fact-finding hearing that would have made a difference to the result. Accordingly, this argument is rejected.

### 3. Counsel Was Not Deficient for Not Sufficiently Explaining to J.J. His Rights.

¶28    Finally, J.J. contends that his trial counsel was ineffective for not explaining to him that he could have challenged, at an evidentiary hearing, the County's allegation that he failed to assume parental responsibility. However, J.J. concedes that his trial counsel testified at the evidentiary hearing on his post-disposition motion that she advised J.J. during the grounds phase of the TPR proceeding that J.J. could go to trial, admit to the allegation, or plead no contest to the allegation. The circuit court accepted counsel's testimony as true. The circuit court is the ultimate arbiter of a witness's credibility, and J.J. gives no valid reasons to overturn the circuit court's factual finding. *Cogswell v. Robertshaw Controls Co.*, 87 Wis. 2d 243, 250, 274 N.W.2d 647 (1979). Thus, J.J.'s contention is without merit because there is no factual basis for this argument.

## II.  J.J.'s Plea Was Supported by a Factual Basis.

¶29    Finally, J.J. contends that he is entitled to withdraw his plea because it was not supported by a factual basis. J.J. argues that the circuit court violated WIS. STAT. § 48.422(3) by accepting his no contest plea without first hearing testimony in support of the allegations in the petition, and that testimony given at later hearings does not provide a factual basis for his plea.

¶30    WISCONSIN STAT. § 48.422(3) states: "If the petition is not contested the court shall hear testimony in support of the allegations in the petition, including testimony as required in sub. (7)." Subsection (7), in turn, imposes four obligations on the circuit court before the court may accept an

10

admission of the facts alleged in a TPR petition. Those four obligations are that the circuit court shall: (1) address the parties present and determine that the admission is made voluntarily and understandingly; (2) establish whether any promises or threats were made to elicit an admission; (3) establish whether a proposed adoptive parent of the child has been identified; and (4) make such inquiries to satisfactorily establish a factual basis for the admission. *Waukesha Cty. v. Steven H.*, 2000 WI 28, ¶39, 233 Wis. 2d 344, 607 N.W.2d 607. At issue in this case is the fourth obligation.

¶31    In *Steven H.*, our supreme court addressed whether a circuit court erred when, without first taking testimony to support the allegations in the petition, the circuit court found that grounds existed for termination based on the respondent's no contest plea. *Id.*, ¶¶52-53. The supreme court concluded that WIS. STAT. § 48.422(3) requires the circuit court to take testimony to support the allegations in the petition and the circuit court erred in failing to do so. *Id.*, ¶56. The supreme court explained that the respondent's waiver of his right to contest the allegations in the petition was not tantamount to admitting the allegations in the petition. *Id.*, ¶52.

¶32    But, our supreme court further determined in *Steven H.* that the circuit court's error in failing to take testimony as required by WIS. STAT. § 48.422(3) did not require overturning the order terminating the respondent's parental rights because that error was harmless. *Id.*, ¶57. The court concluded that a factual basis for the allegations in the petition "c[ould] be teased out of the testimony of other witnesses at other hearings when the entire record [was] examined." *Id.*, ¶¶58-59.

11

¶33    J.J. argues that, as in ***Steven H.***, the circuit court in this case erred by finding, upon his no contest plea, that the allegations in the TPR petition, alone, provided a factual basis to support the plea. J.J. also argues that, unlike in ***Steven H.***, the circuit court's error in this case was not harmless because a factual basis cannot be teased out from testimony given at other hearings. The County responds that the circuit court did not need to take testimony at the hearing on J.J.'s plea to support the allegations in the TPR petition because the parties stipulated that the facts alleged in the petition supported the allegations in the TPR petition.

¶34    Initially, it is not clear from the transcript of the hearing on J.J.'s no contest plea that J.J. in fact stipulated, that is to say agreed, that the facts as set forth in the petition established that J.J. failed to assume parental responsibility for V.J.[3] More importantly, even if J.J.'s attorney had agreed that the facts set forth in

---

[3] The circuit court conducted a colloquy with J.J. to ascertain whether J.J.'s no contest plea was knowing, intelligent, and voluntary. *See **State v. Bangert***, 131 Wis. 2d 246, 274-75, 389 N.W.2d 12 (1986). After the colloquy was completed and the court found that J.J. was knowingly, voluntarily, and intelligently waiving his right to contest whether grounds existed to terminate his parental rights, the following discussion took place:

> [County]: Your Honor, I would just request as far as the factual basis, that either we have a stipulation to accept the petition in support or otherwise, I would ask for brief testimony from the social worker.
>
> [Counsel for S.J.'s biological mother]: Your Honor, my client would have no objection to the Court relying on the facts as outlined in the amended petition for termination of parental rights to form a factual basis.
>
> [Counsel for J.J.]: [J.J.] would agree.
>
> [THE COURT]: I will find the factual basis to support the pleas contained in the amended petition in this case. And, therefore, I will find there exists the factual basis for termination ….

(continued)

12

the petition established that J.J. failed to assume parental responsibility for V.J., the circuit did not conduct a second personal colloquy with J.J. to ascertain whether J.J.'s agreement was knowing, voluntary, and intelligent. Regardless, I need not determine either of those questions because I conclude that, assuming for the sake of argument that the conscientious circuit judge erred in not taking testimony to establish a factual basis to support the petition to terminate, J.J. was not prejudiced by the circuit court's alleged failure to comply with WIS. STAT. § 48.422(3). *See Steven H.*, 233 Wis. 2d 344, ¶57.

¶35    As noted, *Steven H.* instructs that, if the circuit court fails to comply with WIS. STAT. § 48.422(3), appellate courts may review the testimony of other witnesses at other hearings and "tease[] out" a factual basis for the allegations in the petition. *Id.*, ¶¶54, 57-58; *see Evelyn C.R. v. Tykila S.*, 2001 WI 110, ¶¶32-33, 246 Wis. 2d 1, 629 N.W.2d 768. If the appellate court can do so, the respondent is not prejudiced by the circuit court's failure to comply with § 48.422(3). *See Steven H.*, 233 Wis. 2d 344, ¶57. Accordingly, I now look to testimony from witnesses at hearings, other than the hearing at which J.J. entered his no contest plea, to determine whether that testimony establishes a factual basis for the allegations in the TPR petition.

¶36    For context, the following is repeated. Termination of parental rights on the ground that the parent has failed to assume parental responsibility requires proof that the parent has failed to accept and exercise "significant

---

It is not entirely clear that J.J.'s attorney was agreeing that the facts alleged in the petition established a factual basis, or whether J.J.'s attorney was agreeing to the County's offer to have testimony from the social worker, or whether J.J.'s attorney was agreeing with S.J.'s mother's attorney that J.J. would not object to the court using the facts set forth in the petition as establishing a factual basis.

responsibility for the daily supervision, education, protection and care" of the subject child. *See* WIS. STAT. § 48.415(6). Factors relevant to whether a parent has assumed parental responsibility include, but are not limited to, whether the parent has: expressed concern for or interest in the support, care, or well-being of the child; neglected or refused to provide care or support for the child; exposed the child to a hazardous living environment; in the case of the father, expressed concern for or interest in the support, care, or well-being of the mother during her pregnancy. *See id.*; WIS JI—CHILDREN 346B. In addition, the incarceration of a parent does not, in itself, establish that the incarcerated parent has failed to assume parental responsibility. *See* WIS JI—CHILDREN 346B. However, that does not mean that an incarcerated parent is immune from an allegation of failure to assume parental responsibility. In determining whether an incarcerated parent has or does not have a substantial relationship with his or her child, the following factors can be considered:

- the reasons for the parent's incarceration;

- the nature of the underlying criminal behavior;

- whether the parent engaged in that behavior knowing that the potential or resultant incarceration would prevent or hinder the parent from assuming his or her parental responsibilities; and

- the incarcerated parent's efforts to establish a parental relationship despite incarceration including whether the parent:

  o offered to pay child support and the parent's ability to do so;

  o made requests for visitation and the success of any visits;

14

o made appropriate efforts to communicate with the child or with those responsible for the care and welfare of the child, and whether any such efforts were prohibited or impeded;

o made requests for information relating to the child's education, health, and welfare;

o was responsive to any efforts to involve the parent in the child's life; and

o made efforts to enlist available, appropriate family members or friends in meeting the physical, financial, and emotional need of the child.

*Id.*

¶37 Having examined the entire record, I conclude that a factual basis for allegations in the TPR petition is found in the testimony of witnesses at other hearings.

¶38 The case manager for V.J.'s CHIPS case testified as follows. J.J. is incarcerated and is not scheduled to be released from prison until 2027, when V.J. will be approximately thirteen-years-old. The case manager (and J.J.) testified that V.J. was removed from J.J.'s care in October 2014, when V.J. was approximately five months old, and that J.J. had not seen V.J. since around that time, a period of approximately three and one-half years. J.J. had not spoken to or seen V.J. since J.J.'s arrest. Court orders prevented J.J. from having visits from V.J. No attempts had been made for J.J. to speak with V.J. and that J.J.'s only contact with V.J. had been through letters and cards he sent to V.J. J.J. had not had any contact with V.J.'s foster parents.

¶39    The testimony establishes that J.J. is incarcerated and, as a result of his criminal conduct, has had no meaningful contact with V.J. since she was five months old.  The testimony also establishes that, because of his incarceration, J.J. has not seen V.J.  The testimony demonstrates that J.J. has not made attempts to speak with V.J. or to otherwise exercise his parental responsibility for her.  This testimony is sufficient to establish that J.J. does not have a substantial relationship with V.J.  Therefore, the allegations in the petition, and J.J.'s plea, are supported by a factual basis and any alleged failure of the circuit court to comply with WIS. STAT. § 48.422(3) would have been was harmless.

## CONCLUSION

¶40    For the foregoing reasons, the order of the circuit court is affirmed.

*By the Court.*—Order affirmed.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)4.